### (December 27, 1967)

■ In the Matter of UNION FREE SCHOOL DISTRICT No. 7, TOWN OF GREENBURGH, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education, et al., Respondents.— GABRIELLI, J. This is a proceeding under article 78 of the CPLR (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Albany County) to review and annul the determination of the Committee of Regents which affirmed the findings and report of the Commissioner of Education amending the State Plan of School District Reorganization and directing the merger of Union Free School District No. 7 with Union Free School District No. 8, Town of Greenburgh. District No. 7, possessing no facilities of its own

for senior high school students, had contracted with neighboring school districts for several years, to accept such students. This resulted in some overcrowding and merger studies were conducted, resulting in a recommendation by the Superintendent of the Supervisory District that Districts 7 and 8 be consolidated, ultimately culminating in an order of the Commissioner of Education establishing a new Central School District, on June 27, 1967. As the result of petitions filed, pursuant to the provisions of article 37 of the Education Law, the plan was put to a vote of the citizens of both districts, resulting in approval of the merger on August 5, 1967. The Commissioner's authority regarding mergers and centralization is contained in article 37 of the Education Law, which includes section 1801, and which provides in part that " 1. The commissioner of education is hereby authorized and empowered to lay out central school districts for the establishment of central schools * * * and to fix, determine and define the boundaries of said districts ". The respondents correctly urge (and petitioner does not deny) that the new Central School District was properly laid out on June 27, 1967 pursuant to sections 1801 and 1802 of article 37 of the Education Law and that thereafter, in accordance with the requirements set forth in section 1803-a thereof, an election was held which approved the centralization plan, by the voters of both affected districts. In this situation respondents urge that the question has become moot. This we need not determine as we have concluded that the determination should be confirmed on the merits in any event. An examination of the record reveals that the objections raised by the petitioner lack merit in that the proceedings taken by the Commissioner and the Committee of Regents were within the framework and authority provided by section 314 of the Education Law and there appears to be substantial evidence to permit the Committee to reach the determination complained of. Under such circumstances, the orders of the Commissioner and Committee of Regents may not be disturbed (see *Matter of Soergel* v. *Allen,* 10 A D 2d 767, affd. 9 N Y 2d 633, amd. on other grounds, 9 N Y 2d 825, cert. den., app. dsmd. 368 U.S. 2). Determination confirmed and petition dismissed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.